**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 25-17-DLB**

**QUINCY ARNOLD**                                                           **PETITIONER**

**v.**                         **MEMORANDUM ORDER**

**CHRISTOPHER ENTZEL, WARDEN**                       **RESPONDENT**

*** *** *** ***

Federal inmate Quincy Arnold has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. (Doc. # 1). Arnold challenges the Bureau of Prisons' determination that he is statutorily ineligible to have credits earned under the First Step Act of 2018 ("FSA"), Pub. L. 115-391, 132 Stat. 5194, applied to reduce his sentence. *See id*. at 1-6. The Court screens the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).[1]

In March 2021, Arnold was charged with possession of a firearm by a felon in violation of 18 U.S.C. 922(g)(1) (Count I); possession with intent to distribute heroin and cocaine in violation of 21 U.S.C. 841(a)(1) (Count II); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c) (Count III). Eighteen

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Arnold's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

months later, Arnold agreed to plead guilty to all three counts of the indictment. The trial court sentenced Arnold to 96 months imprisonment in February 2023. In the criminal judgment, the trial court listed the "Title & Section / Nature of Offense" for Arnold's § 924(c) offense as "18:924C.F Violent/Crime/Drugs/Machine Gun." *United States v. Arnold*, No. 1:21-CR-172-1- (N.D. Ill. 2021) (Doc. # 1, 32, 42 therein).

Seizing upon the criminal judgment's shorthand description of his § 924(c) offense, Arnold complains that:

> FBOP contends that 18 USC §3632(d)(4)(D)(xxii) disqualify the crime charged as Violent Crime/Drugs/Machine Gun, in violation of 18 USC §924(c), without specificity. However, the plain language of §3632(d)(4)(D)(xxii) list, possession of a firearm, in relation to a drug trafficking crime or crime of violence, as the only disqualifying offense under the Act.

(Doc. # 1 at 6). Simply stated, Arnold contends that he is eligible to have FSA credits applied to his sentence because his criminal judgment, when describing his § 924(c) conviction, did not recite the exact phrase "possession of a firearm in furtherance of a drug trafficking crime" found in § 3632(d)(4)(D)(xxii). *See* (Doc. # 1-1 at 9-10). Arnold's argument is wholly meritless.

Arnold was indicted for, pleaded guilty to, and was sentenced for violating 18 U.S.C. § 924(c) among other charges. The statute at issue in his petition states that:

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following **provisions of law**:
>
> ...
>
> (xxii) **Section 924(c)**, relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

2

18 U.S.C. § 3632(d)(4)(D) (emphasis added).  By its terms, Section 3632(d) renders a prisoner ineligible for FSA credits if he has been convicted of any of the identified "provisions of law."  Subsection (xxii) identifies a conviction under § 924(c) as one such "provision of law."  The language in subsection xxii which follows the identification of the disqualifying provision of law—"unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime"—is merely descriptive of § 924(c).

Arnold was convicted of violating § 924(c); the fact that his criminal judgment did not parrot the exact phrase describing that offense in § 3632 is of no consequence.  *Cf. Nichols v. Knight*, No. CV 22-5808 (RBK), 2023 WL 8751265, at *3-4 (D.N.J. Dec. 18, 2023) (collecting cases holding that any conviction under § 924(c) disqualifies the prisoner for FSA credits and noting that "there is no qualifying language with respect to parsing out different offenses one must be convicted of under § 924(c) to be rendered ineligible for earned time credits under the FSA.").  Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

1. Quincy Arnold's habeas petition (Doc. # 1) is **DENIED**.
2. This matter is **STRICKEN** from the docket.
3. The Court **CERTIFIES** that any appeal would not be taken in good faith.

This 28th day of February, 2025.



Signed By:
David L. Bunning
Chief United States District Judge